IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM ARTHUR YATES,**

    **Petitioner,**

**v.**	    **Civil Action No. 1:19-CV-65**
    **(Kleeh)**

**CHRISTOPHER GOMEZ, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 17],
GRANTING RESPONDENT'S CORRECTED MOTION TO DISMISS, OR
IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT [DKT.
NO. 12], DENYING AND DISMISSING PETITION [DKT. NO. 1], AND
DENYING AS MOOT THE MOTION TO EXPEDITE [DKT. NO. 2] AND MOTION
FOR FAILURE TO RESPOND IN TWENTY-EIGHT (28) DAYS [DKT. NO. 14]**

On March 25, 2019, pro se Petitioner, William Arthur Yates ("Petitioner"), an inmate at FCI Morgantown, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Dkt. No. 1], and a motion in request and in support for expedited proceedings [Dkt. No. 2]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi ("Magistrate Judge") for initial screening and a report and recommendation.

On May 16, 2019, the Respondent moved for permission to file one day out of time, attaching a copy of its dispositive motion, a memorandum in support, as well as exhibits [Dkt. No. 9]. Respondent's motions and memorandum inadvertently cited the wrong case number and the Clerk of Court advised the Respondent of its

error. Accordingly, on May 20, 2019, Respondent filed a *Corrected Motion for Permission to File Response One Day Out of Time* [Dkt. No. 10]. The Magistrate Judge granted Respondent's motion [Dkt. No. 11]. On May 21, 2019, Respondent filed a *Corrected Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* [Dkt. No. 12]. A Roseboro Notice was issued to pro se Petitioner on May 21, 2019, advising him of his right to respond to Respondent's corrected motion [Dkt. No. 13]. On May 28, 2019, Petitioner filed a *Motion for Failure to Respond in Twenty-Eight (28) Days* [Dkt. No. 14].

On December 19, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R") [Dkt. No. 17] recommending that Respondent's *Corrected Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* [Dkt. No. 12], be granted. The R&R further recommends that the petition be denied and dismissed with prejudice [Dkt. No. 17 at 20], and that the motion to expedite [Dkt. No. 2] and motion for failure to respond [Dkt. No. 14] be denied as moot.

The R&R specifically warned that the parties had "fourteen days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 17 at 20]. The R&R stated that the failure

to file written objections would constitute a waiver of appellate review by the Circuit Court of Appeals [Id.]. It further explained that the failure to file written objections also relieves the Court of any obligation to conduct a de novo review of the issue presented [Id. at 20-21]. See Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The R&R was issued on December 19, 2019, and mailed to Petitioner, via certified mail, on that same date [Dkt. No. 17-1]. Service of the R&R was accepted on December 26, 2019 [Dkt. No. 18]. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding

no clear error, the Court **ADOPTS** the Report and Recommendation in its entirety.  The Court **ORDERS** that:

1) Respondent's *Corrected Motion to Dismiss, or in the Alternative, Motion for Summary Judgment* [Dkt. No. 12] is **GRANTED**;

2) <u>Pro se</u> Petitioner's *Motion to Expedite* [Dkt. NO. 2] and *Motion for Failure to Respond in Twenty-Eight (28) Days* [Dkt. No. 14] are **DENIED as moot**;

3) The Petition for writ of habeas corpus [Dkt. No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**; and

3) The Clerk of Court is **DIRECTED** to **STRIKE** this matter from the Court's active docket.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the <u>pro se</u> Petitioner, certified mail, return receipt requested.

**DATED:** February 18, 2020

<u>/s/ Thomas S. Kleeh</u>
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE
